**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Darion Zakier Kenshae Jackson, | Case No. 2:26-cv-00337-CDS-NJK |
| Plaintiff(s), | |
| v. | **Order** |
| Tellus International (US) Corp., | |
| Defendant(s). | |

Pending before the Court is Plaintiff's application to proceed *in forma pauperis*. Docket No. 1.

The Court may authorize the commencement of an action without prepayment of fees and costs, or security therefor, by a person who has been shown to be "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Courts have broad discretion in deciding whether a plaintiff has sufficiently shown an inability to pay the filing fee. *See Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). While an applicant need not be absolutely destitute to qualify for a waiver of fees, the applicant must demonstrate an inability to pay those fees while still providing for the necessities of life. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "Courts may look beyond an *in forma pauperis* application to determine an applicant's true financial condition." *Olteanu v. Schneider*, 2025 U.S. Dist. Lexis 108918, at *7 (D. Nev. May 6, 2025), *adopted*, 2025 U.S. Dist. Lexis 107749 (D. Nev. June 5, 2025). Courts possess discretion to make a factual inquiry into the allegation of poverty. *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

In this case, Plaintiff indicates that he is unemployed, has zero sources of income of any kind, has zero money in cash or banking accountings, has no assets of value, and has no regular monthly expenses. Docket No. 1 at 1-2. As explained by United States Magistrate Judge Elayna

J. Youchah, there is reason to doubt the accuracy of this recitation of Plaintiff's financial situation: "An individual cannot live on zero dollars, which is what Plaintiff professes.  Even if an applicant has no loan payments, gas, electric, food, and other necessities of life are not free." *Tiffany v. Cannon*, 2023 WL 2876828, at *1 (D. Nev. Mar. 16, 2023).  In short, the financial picture provided by Plaintiff is a logistical impossibility.

The Court **DEFERS** ruling on the application to proceed *in forma pauperis*.  No later than March 6, 2026, Plaintiff must either (1) file a written explanation as to how he lives with no sources of income and zero assets or, (2) if the information that Plaintiff provided in the pending *in forma pauperis* application is incorrect, file an amended application with the correct information and an explanation as to why incorrect information was provided at the outset.

IT IS SO ORDERED.

Dated: February 13, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

2