# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Darion Zakier Kenshae Jackson,

    Plaintiff(s),

v.

Telus International (US) Corp.,

    Defendant(s).

Case No. 2:26-cv-00337-CDS-NJK

**ORDER**

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 10.

## I.  *In Forma Pauperis* Application

Plaintiff filed an affidavit required by § 1915(a). Docket No. 10. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the application to proceed *in forma pauperis* (Docket No. 10) will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket.

## II.  Screening the Complaint

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723

1

(9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

To sufficiently allege a *prima facie* case of retaliation under the ADA, a plaintiff must allege: (1) he or she engaged in a protected activity; (2) suffered an adverse employment action; and (3) there was a causal link between the two. *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004). Although the factual allegations in the complaint are relatively sparse, Plaintiff alleges that he suffers from a disability, that he complained about not receiving approved accommodations, that his employment was thereafter terminated, and that the true reason for the termination was Plaintiff's protected activity. *See* Docket No. 1-1 at 7, 9-10. Construing the allegations liberally given Plaintiff's *pro se* status and for purposes of screening the complaint, the Court finds that Plaintiff has stated a colorable claim for retaliation.[1]

---

[1] The Court screens the complaint without the benefit of the adversarial process. *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012). Nothing in this order should be construed as precluding the filing of a motion to dismiss the retaliation claim. In addition, a complaint is subject to dismissal at the screening stage if it fails to state "*a claim* on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added). Hence, it suffices to survive screening that Plaintiff has stated one claim. *See, e.g.*, *Bem v. Clark Cnty. Sch. Dist.*, 2015 WL 300373, at *3 n.1 (D. Nev. Jan. 21, 2015). The Court express no opinion as to any claim other than retaliation. Lastly, the Court notes that Plaintiff filed a notice that he intends to proceed with resolving his claims through mandatory arbitration. *See* Docket No. 6. Nothing herein precludes the parties from seeking (by stipulation or otherwise) that the dispute be resolved by arbitration.

## III.   Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* (Docket No. 10) is **GRANTED**. Plaintiff is not required to pay the filing fee of $405. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* does not extend to the issuance and/or service of subpoenas at government expense.

2. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint (Docket No. 1-1) on the docket.

3. The Clerk of the Court shall issue summons to Defendant, and deliver the same to the U.S. Marshal for service. The Clerk of the Court shall also deliver a copy of the complaint to the U.S. Marshal for service.

4. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285.[2] Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.

5. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 90 days from the date this order is entered.

6. From this point forward, Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with

---

[2] The USM-285 form is available at www.usmarshals.gov/process/usm285.pdf.

3

the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or counsel for Defendants. The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

IT IS SO ORDERED.

Dated: March 18, 2026

_____
Nancy J. Koppe
United States Magistrate Judge