JAMS®

# COMMENCEMENT OF EMPLOYMENT ARBITRATION

NOTICE TO ALL PARTIES September 15, 2026

RE: **Jackson, Darion vs. Telus International**
Reference No.: 5260001319

Dear Parties:

This confirms the commencement of this arbitration as of the date of this letter. This arbitration shall be conducted in accordance with JAMS Employment Arbitration Rules.

All arbitrations at JAMS are conducted in accordance with the attached Arbitration Administrative Policies regarding payment of fees, document retention, and limitations of liability. Due to the nature of its business and size, JAMS may have administered other matters involving the parties, lawyers, or law firms in this case. Enclosed is a summary of such cases administered within the last 5 years.

The Arbitrator shall be selected pursuant to the procedures set forth in the parties' arbitration agreement (mutual agreement). Once an arbitrator has been selected, the parties should contact JAMS. JAMS will then confirm the appointment of the arbitrator and begin scheduling. Résumés and rules are available on our website, www.jamsadr.com, or by contacting me. Parties to advise of selection or status by **September 30, 2026.**

The Arbitrator shall bill in accordance with the attached Fee Schedule. JAMS will administer the arbitration consistent with the JAMS Policy on Employment Arbitration, Minimum Standards of Procedural Fairness. According to this Policy, the only fee a consumer employee may be required to pay is $400 of the Filing Fee. All other costs, including the remainder of the Filing Fee, must be borne by the company. JAMS will also administer the case consistent with JAMS Cancellation/Continuance policy. Pursuant to this policy, any party who cancels or continues a hearing after the deadline to do so will be responsible for 100% of the professional fees for the reserved and unused time unless we can fill the time with another matter.

Under appropriate circumstances, the arbitrator may award JAMS fees and expenses against any party. In California, the arbitration provision shall not require the consumer to pay the fees and costs incurred by the opposing party if the consumer does not prevail, and we will not enforce such a provision in the parties' agreement.

✓ FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

NOV 05 2026

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: ___ DEPUTY

JAMS agreement to render services is not only with the parties, but extends to the attorney or other representative of the parties in arbitration.

If you have questions, please contact me directly at 415-774-2635. We look forward to working with you.

Sincerely,

Darcy English

Darcy English
Senior Arbitration Practice Specialist
denglish@jamsadr.com

JAMS

## JAMS ARBITRATION ADMINISTRATIVE POLICIES

### I. Fees for the Arbitration

The Parties and their representatives agree to pay JAMS for the arbitration as set forth in the JAMS Fee Schedule in effect at the time of commencement, including the Cancellation/Continuance Policy contained therein. JAMS agreement to render services is jointly with the Party and attorney or other representative of the Party in Arbitration.

Parties are billed a retainer in advance of services rendered. Payment is due upon receipt of an invoice and in advance of services rendered. JAMS will invoice for additional retainer as needed throughout the life of the arbitration. The Parties further agree to payment of an Abeyance Fee to be charged 12 months from the date of last billing, and every six months thereafter. The Parties agree that JAMS may cancel an arbitration hearing and will not deliver the arbitrator's decision to any Party without full payment of all invoices to all parties. Payments received from a single source will be issued back to that payer but mailed to the JAMS billing contact. Payments received from multiple sources will be issued and mailed to the JAMS billing contact only. Returned refunds will incur a $100 reprocessing fee.

### II. Records

JAMS does not maintain a duplicate file of documents filed in the Arbitration. If the parties wish to have any documents returned to them, they must advise JAMS in writing within 30 days of the conclusion of the Arbitration. If special arrangements are required regarding file maintenance or document retention, they must be agreed to in writing and JAMS reserves the right to impose an additional fee for such special arrangements.

### III. Disqualification of the Arbitrator and JAMS as Witness/Limitation of Liability

The Parties have agreed or hereby agree that they will not call the arbitrator or any employee or agent of JAMS as a witness or as an expert in any proceeding involving the Parties and relating to the dispute which is the subject of the arbitration, nor shall they subpoena any notes or other materials generated by the arbitrator during the arbitration. The Parties further agree to defend the arbitrator and JAMS and its employees and agents from any subpoenas from outside Parties arising out of this Agreement or arbitration.

The Parties agree that neither the arbitrator nor JAMS, including its employees or agents, is a necessary Party in any proceeding involving the participants and relating to the dispute which is the subject of the arbitration. The Parties further agree that the arbitrator and JAMS, including its employees or agents, shall have the same immunity from liability for any act or omission in connection with the arbitration as judges and court employees would have under federal law.

### IV. Party

The term “Party” as used in these Policies includes Parties to the Arbitration and their counsel or representative.

JAMS®

# Arbitration Fee Schedule

## PROFESSIONAL FEES

- Hourly and daily rates vary depending on neutral. Neutrals are independent contractors and set their own rates.
- Hearing fees are generally divided equally among all parties.

## FILING FEE

$2,500 – Two Party Matter
$4,000 – Matters involving three or more parties
$2,500 – Counterclaims

- Entire filing fee must be paid in full to commence the proceedings.
- A refund of $1,000 will be issued if the matter is withdrawn within five days of filing. After five days, the Filing Fee is non-refundable.

## CASE MANAGEMENT FEE

- 13% of Professional Fees
- Professional fees include time spent for hearings, pre- and post-hearing reading and research, and award preparation.
- The Case Management Fee includes access to an exclusive nationwide panel of judges, attorneys, and other ADR professionals, dedicated services including all administration through the duration of the case, document handling, and use of JAMS conference facilities including after hours and on-site business support. Weekends and holidays are subject to additional charges.
- Unused hearing time is non-refundable.
- Hearing fees are non-refundable if time scheduled (or a portion thereof) is cancelled or continued after the cancellation date unless the Arbitrator's time can be rescheduled with another matter. The cancellation policy exists because time reserved and later cancelled generally cannot be replaced. In all cases involving non-refundable time, the cancelling or continuing party is responsible for the fees of all parties.
- A retainer for anticipated preparation and follow-up time will be billed to the parties. Any unused portion will be refunded.
- All fees are due and payable upon receipt of invoice and payment must be received in advance of hearing. JAMS reserves the right to cancel your hearing if fees are not paid by all parties by the applicable cancellation date and JAMS confirms the cancellation in writing.
- Receipt of payment for all fees is required prior to service of an arbitration order or award.
- For arbitrations arising out of employer-promulgated plans, the only fee that an employee may be required to pay is $400. The employer must bear the remainder of the employee's share of the filing fee and all Case Management Fees. Any questions or disagreements about whether a matter arises out of an employer-promulgated plan or an individually negotiated agreement or contract will be determined by JAMS, whose determination shall be final.
- For arbitrations arising out of pre-dispute arbitration clauses between companies and individual consumers, JAMS Policy on Consumer Arbitrations Pursuant to Pre-Dispute Clauses, Minimum Standards of Procedural Fairness applies. In those cases, when a consumer (as defined by those Minimum Standards) initiates arbitration against the company, the only fee required to be paid by the consumer is $250. The company must bear the remainder of the consumer's share of the filing fee and all Case Management Fees.
- Parties that have held their case in abeyance for one year will be assessed an initial abeyance fee of $500, to be charged 12 months from the date of last billing, and $500 every six months thereafter. If a party refuses to pay the assessed fee, the other party or parties may opt to pay the entire fee on behalf of all parties, otherwise the matter will be closed.
- JAMS panelists may use a law clerk. If a panelist plans to bill the parties for a clerk's time, the parties will be informed of the engagement of the clerk. The clerk's hourly rate will be billed to the parties subject to the agreed fee split and in accordance with JAMS' policies.

**JAMS Commencement Disclosure (MKT016I)**

Jackson, Darion vs. Telus International

JAMS administers approximately 21,000 cases per year. This report lists the numbers of cases JAMS has administered in the last five years involving any party, lawyer, or law firm in the present case. "Administered" means any case in which JAMS received a payment, regardless of which party (or parties) remitted payment. The numbers below do not include the present case. All branches of law firms are included. JAMS has nearly 500 neutrals on its panel, and approximately one third of JAMS neutrals have an ownership share in the company. Each owner has one share.

Owners are not privy to information regarding the number of cases or revenue related to cases assigned to other panelists. No shareholder's distribution has ever exceeded 0.1% of JAMS total revenue in a given year. Shareholders are not informed about how their profit distributions are impacted by any particular client, lawyer or law firm and shareholders do not receive credit for the creation or retention of client relationships. JAMS typically serves this report on the parties at the commencement of a JAMS matter. This report is not provided to JAMS' neutrals and will not be provided to the neutral eventually selected for this matter. JAMS neutrals are not informed about matters handled by other neutrals and are not privy to the numbers of matters involving any particular company, lawyer or law firm other than matters in which they have previously served as a neutral.

Please note, cases administered by JAMS Denver are not included in this report. JAMS Denver is a licensee office and does not share the same case administration system as JAMS. If you would like disclosure information for Denver administered cases, please notify your Case Manager within 15 days.

Once appointed in this case, the neutral will issue his or her own required disclosures.

Reference #: 5260001319 09/15/2021 - 09/15/2026

## Claimant(s)

**Darion Jackson**

No Address Listed

**Cases heard with Darion Jackson**

No Cases to Report

## Counsel for Claimant

**Darion Jackson**

3692 E Colton Ave
Las Vegas, NV 89115

**Cases heard with Darion Jackson**

No Cases to Report

**Cases heard with**

No Cases to Report

**JAMS Commencement Disclosure (MKT016I)**

Jackson, Darion vs. Telus International

Reference #: 5260001319 09/15/2021 - 09/15/2026

## Respondent(s)

**TELUS International ****

No Address Listed

**Cases heard with TELUS International ****

Arbitration

| | |
|---|---|
| • Arbitration(s) - Closed cases | 3 |
| • Arbitration(s) - Open cases | 2 |

**JAMS Commencement Disclosure (MKT016I)**

Jackson, Darion vs. Telus International

Reference #: 5260001319 09/15/2021 - 09/15/2026

## Counsel for Respondent

**Lucas W Molleck**
**Littler Mendelson ****

5470 Kietzke Lane
Suite 300
Reno, NV 89511

**Cases heard with Lucas W Molleck**

Arbitration

| | |
|---|---|
| • Arbitration(s) - Closed cases | 4 |
| • Arbitration(s) - Open cases | 6 |

Mediations\Neutral Analysis\Other

| | |
|---|---|
| • Mediation(s) - Closed cases | 3 |
| • Mediation(s) - Open cases | 1 |

**Cases heard with Littler Mendelson ****

Arbitration

| | |
|---|---|
| • Arbitration(s) - Closed cases | 1,980 |
| • Arbitration(s) - Open cases | 449 |

Court Reference

| | |
|---|---|
| • Court Reference(s) - Closed cases | 2 |

Mediations\Neutral Analysis\Other

| | |
|---|---|
| • Med-Arb(s) - Closed cases | 6 |
| • Med-Arb(s) - Open cases | 3 |
| • Mediation(s) - Closed cases | 723 |
| • Mediation(s) - Open cases | 57 |
| • Neutral Analysis(s) - Closed cases | 1 |

**JAMS Commencement Disclosure (MKT016I)**

Jackson, Darion vs. Telus International

Reference #: 5260001319 09/15/2021 - 09/15/2026

## Firm Names

### Littler Mendelson **

Disclosures for Littler Mendelson include the following entities in addition to Littler Mendelson.

Hicks & Walt/Littler Mendelson
Littler Mendelson P.C.
Littler Mendelson, P.C.
Littler Mendelson, P.C. Long Term Disability Plan
Littler Mendelson, PC

### TELUS International **

Disclosures for TELUS International include the following entities in addition to TELUS International.

TELUS
TELUS Communications
TELUS International (U.S.) Corp.
TELUS International (U.S.) Corp. dba TELUS Digital
TELUS International AI Inc.
TELUS Legal Services

JAMS®

# JAMS Policy on Employment Arbitration Minimum Standards of Procedural Fairness

*Effective July 15, 2009*

- **Download JAMS Employment Arbitration Minimum Standards in PDF Format**

This document presents the principles and policies of JAMS on the use of arbitration for resolving employment-related disputes. These policies include the Minimum Standards of Procedural Fairness, which apply to arbitrations based on pre-dispute agreements that are required as a condition of employment. JAMS will administer mandatory arbitrations in employment cases only if the arbitration provision complies with JAMS Minimum Standards. JAMS continues to urge employers and employees to use, at the earliest point possible, mediation and other ADR processes that encourage consensual resolution of disputes in a fair, affordable and efficient manner. We also recommend that employers consult with counsel when considering, drafting or implementing pre-dispute arbitration clauses that relate to statutory employment claims.

**A. Preference for Mediation and Voluntary Arbitration**

JAMS encourages the use of mediation and of voluntary arbitration that is not a condition of initial or continued employment. JAMS does not take a position on the enforceability of condition-of-employment arbitration clauses, but it monitors developments in courts, legislatures and regulatory agencies concerning the enforceability of the clauses. If courts rule definitively that such clauses are unenforceable, or if laws or regulations proscribe their use, JAMS will comply with the rulings or laws in the applicable cases or jurisdictions. Absent such proscriptions, JAMS accepts arbitration assignments based on condition-of-employment clauses (provided the Minimum Standards are met) but does not encourage the use of such clauses.

**B. Minimum Standards of Procedural Fairness**

If an arbitration is based on a clause or agreement that is required as a condition of employment. JAMS will accept the assignment only if the proceeding complies with the Minimum Standards of Procedural Fairness for Employment Arbitration.

**Standard No. 1: All Remedies Available**

All remedies that would be available under the applicable law in a court proceeding, including attorneys fees and exemplary damages, as well as statutes of limitations, must remain available in the arbitration. Post-arbitration remedies, if any, must remain available to an employee.

*Comment:* This standard does not make any change in the remedies available. Its purpose is to ensure that the remedies available in arbitrations and court proceedings are the same. JAMS does not object if an employer chooses to limit its own post-arbitration remedies.

**Standard No. 2: Arbitrator Neutrality**

The arbitrator(s) must be neutral, and an employee must have the right to participate in the selection of the arbitrator(s).

**Standard No. 3: Representation by Counsel**

The agreement or clause must provide that an employee has the right to be represented by counsel. Nothing in the clause or procedures may discourage the use of counsel.

**Standard No. 4: Access to Information/Discovery**

The procedures must provide for an exchange of core information prior to the arbitration.

*Comment:* Generally, this discovery should include at least (a) exchange of relevant documents, (b) identification of witnesses and (c) one deposition for each side, i.e., of the employee and of a supervisor or other decision-maker of the employer. Other discovery should be available at the arbitrator's discretion.

**Standard No. 5: Presentation of Evidence**

At the arbitration hearing, both the employee and the employer must have the right to (a) present proof, through testimony and documentary evidence, and (b) cross-examine witnesses.

**Standard No. 6: Costs and Location Must Not Preclude Access to Arbitration**

An employee's access to arbitration must not be precluded by the employee's inability to pay any costs or by the location of the arbitration. The only fee that an employee may be required to pay is JAMS' initial Case Management Fee. All other costs must be borne by the company, including any additional JAMS Case Management Fee and all professional fees for the arbitrator's services. In California, the arbitration provision may not require an employee who does not prevail to pay the fees and costs incurred by the opposing party.

*Comment:* JAMS does not preclude an employee from contributing to administrative and arbitrator fees and expenses.

**Standard No. 7: Mutuality**

JAMS will not administer arbitrations pursuant to clauses that lack mutuality. Both the employer and the employee must have the same obligation (either to arbitrate or go to court) with respect to the same kinds of claims.

**Standard No. 8: Written Awards**

An arbitration award will consist of a written statement signed by the Arbitrator regarding the disposition of each claim and the relief, if any, awarded as to each claim. The Arbitrator will also provide a concise written statement of the reasons for the Award, stating the essential findings and conclusions on which the award is based.

* * *

If JAMS becomes aware that an arbitration clause or procedure does not comply with the Minimum Standards, it will notify the employer of the Minimum Standards and inform the employer that the arbitration demand will not be accepted unless there is full compliance with those standards. In assessing whether the standards are met and whether to accept the arbitration assignment, JAMS, as the ADR provider, will limit its inquiry to a facial review of the clause or procedure. If a factual inquiry is required, for example, to determine compliance with Minimum Standards, it must be conducted by an arbitrator or court.

**C. Questions about Enforcement and Arbitrability**

If a party contests the enforceability of a pre-dispute arbitration agreement that was required as a condition of employment, and if compliance with the Minimum Standards is in question, JAMS

will, if given notice of the dispute, defer administering the arbitration for a reasonable period of time to allow the contesting party to seek a judicial ruling on the issue. JAMS will comply with that judicial determination. If there is no judicial determination within a reasonable period of time, JAMS will resolve questions of arbitrability under the applicable JAMS Arbitration Rules and Procedures for Employment Disputes.

**D. Other**

Parties to an employment arbitration may choose to follow the Arbitration Rules and Procedures for Employment Disputes that were developed by JAMS. These Rules and Procedures exceed the Minimum Standards by providing further procedural protections, including additional discovery and an optional appeal process, to all parties in an employment arbitration.

JAMS is committed to ensuring that all staff who work on employment-related dispute resolution issues are aware of these principles and policies. Internal controls are used to ensure knowledge and compliance by the staff, and to ensure that the company's marketing activities in the employment area do not give rise to any actual or perceived conflict of interest on the part of JAMS or its neutrals.

***Note: These Minimum Standards do not apply if the agreement to arbitrate was individually negotiated by the employee and employer, or if the employee was represented or advised by counsel during the negotiations.***

(c) Copyright 2009 JAMS. All rights reserved.

**Employment Rules & Procedures**

Complete List of Rules & Procedures
Employment Clauses

**JAMS Employment Practice Group**

Employment Practice Brochure

JAMS®

# Document Retention Policy

Please note that **30 CALENDAR DAYS** after termination of any case JAMS will destroy the following documents submitted by parties unless parties specifically notify JAMS that they wish to collect their documents:

- **Briefs**
- **Exhibits**
- **Evidence**
- **Transcripts**

Parties should collect their documents as soon as possible after the termination of a case. Otherwise, they will be destroyed 30 days thereafter. Please note that JAMS does not maintain a duplicate file of documents, which are normally forwarded to the Neutral upon receipt. Any items marked with notes, comments or suggestions by the Neutral will automatically be destroyed upon closing of the file.

"Termination" of a case is defined as any of the following:

- **Resolution of a matter, e.g., either through settlement or issuance of an award**
- **Mutual agreement to close the matter**
- **Withdrawal from ADR Process**
- **Time Period of one year elapses without any resolution and no future dates on calendar**
- **Notice from JAMS that the matter has been terminated**

JAMS

# Unrepresented Party Informational Notice

Parties that intend to proceed in an alternative dispute process without representation of counsel, should understand the following:

- JAMS is a private organization that is not affiliated with the individuals, companies, or law firms involved with this dispute.
- Neither JAMS nor JAMS Neutrals have a financial interest in the outcome of any matter at JAMS.
- JAMS is an administrator and, as such, provides services such as calendar management, billing management, and arbitration administration and other case management.
- Neither JAMS nor JAMS Neutrals provide legal advice or assistance to the parties in how they should present their case.
- JAMS or JAMS Neutrals do not represent any parties in any matter at JAMS. There is no lawyer/client relationship formed in any respect with JAMS or JAMS Neutrals.
- JAMS and JAMS Neutrals facilitate a neutral process to help resolve the parties' dispute(s).
- If you require legal advice, please contact your local Bar Association for a recommendation.

Any questions pertaining to this information should be addressed to the selected Neutral, your Case Manager or other JAMS representative. You can reach a JAMS representative by dialing 800-352-5267.