JAMS

# MEMORANDUM

TO: All parties (see attached service list):
FROM: JAMS
DATE: **October 16, 2026**
RE: **Jackson, Darion vs. Telus International**
**JAMS Ref. #: 5260001319** **Panelist: Hon. Gloria J. Sturman (Ret.)**

Your confidence in selecting JAMS to arbitrate this matter is appreciated. In accordance with JAMS Ethical Guidelines for Arbitrators, the following information is submitted.

Based upon the arbitrator's own knowledge as well as a diligent search of records available to the arbitrator and JAMS personnel, and further based on the information supplied concerning the names of the parties and their counsel, we attach a disclosure report and checklist identifying any prior or pending cases involving the parties, counsel or counsel's firms. The attached report was prepared by JAMS personnel and reviewed by the arbitrator. Nothing in this report would, in the arbitrator's opinion, prevent the arbitrator from impartially serving in this case.

The nominated or appointed arbitrator has made a reasonable effort to identify any matters that could cause a person aware of the facts to reasonably entertain a doubt that, as the proposed arbitrator, would be able to be impartial. In addition, the arbitrator has disclosed all such matters to the parties to the best of the arbitrator's knowledge according to statutory and ethical guidelines.

Each participant in this arbitration is asked to advise all parties and JAMS of any information that is inconsistent with or not included in the provided disclosure, such as any matters that may affect the arbitrator's ability to be impartial. Please advise the arbitrator's Case Manager Mara E. Satterthwaite, Esq. at 702-835-7803 if you know of any additional information that should be in the disclosure report to all parties. The Case Manager can arrange a conference call to discuss any supplemental information or disclosure questions.

JAMS and the arbitrator will rely upon the parties' disclosure to us of information which is inconsistent with or not included in the disclosure provided. Any request to disqualify an arbitrator after appointment shall be governed by the applicable JAMS Rules.

FILED
ENTERED
COUNSEL RECORD
NOV 05 2026
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

Docusign Envelope ID: E74E6AA8-0798-8B68-80CA-C566C0A4F7A6

JAMS®

# DISCLOSURE CHECKLIST FOR ALL ARBITRATIONS

**Arbitrator Disclosure Checklist pursuant to:**
- Code of Ethics for Arbitrators in Commercial Disputes
- JAMS Ethical Guidelines for Arbitrators Case Title: Jackson, Darion vs. Telus International

JAMS Ref. #: 5260001319
Panelist Name: Hon. Gloria J. Sturman (Ret.)
Checklist supplements disclosure report 16A

| | Yes | No |
|---|---|---|
| 1. Arbitrator or member of arbitrator's family [The term "member of the arbitrator's family" includes the arbitrator's immediate family or member of the arbitrator's household] is a party, a party's spouse or domestic partner, an officer, director or trustee of a party? | ( ) | ( x ) |
| 2. Arbitrator or member of arbitrator's family is a lawyer in the arbitration, related to a lawyer in the arbitration or currently associated in the private practice of law with a lawyer in the arbitration? | ( ) | ( x ) |
| 3. Arbitrator or a member of arbitrator's family has or has had a significant personal relationship with any party or lawyer for a party? | ( ) | ( x ) |
| 4. Arbitrator is serving or within preceding 5 years has served: | | |
| (A) As a neutral arbitrator in another arbitration involving a party, lawyer for a party, or law firm for a party to the current arbitration? | ( ) | ( x ) |
| (B) As a party-appointed arbitrator in another arbitration for either a party, lawyer for a party, or law firm for a party to the current arbitration? | ( ) | ( x ) |
| (C) As a neutral arbitrator in another arbitration in which s/he was selected by a person serving as a party-appointed arbitrator in the current arbitration? | ( ) | ( x ) |
| (D) As a dispute resolution neutral other than an arbitrator in another pending or prior case involving a party, lawyer for a party, or law firm in the current arbitration. | ( ) | ( x ) |
| 5. Arbitrator has or has had an attorney-client relationship with a party or lawyer for a party to the current arbitration, including representing the party; an officer, director or trustee of a party; or the arbitrator provided legal advice to a party or a lawyer in the arbitration concerning any matter involved in the arbitration? | ( ) | ( x ) |
| 6. Arbitrator or member of the arbitrator's family has or has had any other professional relationship with a party or lawyer for a party, including as an expert witness or consultant? | ( ) | ( x ) |
| 7. Arbitrator or member of arbitrator's family has a financial interest in a party? (The term "financial interest" means ownership of a legal or equitable interest, or a relationship as a director, adviser, or other active participant in the affairs of a party. [See, 28 U.S.CA. sec. 455.] | ( ) | ( x ) |
| 8. Arbitrator or member of arbitrator's family has personal knowledge of disputed evidentiary facts relevant to the arbitration? A person likely to be a material witness in the proceeding is deemed to have personal knowledge of disputed evidentiary facts. | ( ) | ( x ) |

**This Disclosure Checklist and related material are the copyrighted property of JAMS. They cannot be copied, reprinted or used in whole or in part in any way without written permission of JAMS. © JAMS 2014. All rights reserved.**

| | Yes | No |
|---|---|---|
| 9. Is there any other matter that: | | |
| (A) Might cause a person aware of the facts to reasonably entertain a doubt that the arbitrator would be able to be impartial? | ( ) | ( x ) |
| (B) Leads the proposed arbitrator to believe there is a substantial doubt as to his or her capacity to be impartial, including, but not limited to, bias or prejudice toward a party, lawyer, or law firm in the arbitration? | ( ) | ( x ) |
| (C) Otherwise leads the arbitrator to believe that his or her disqualification will further the interests of justice? | ( ) | ( x ) |
| 10. Is the arbitrator not able to properly perceive the evidence or properly conduct the proceedings because of a permanent or temporary physical impairment? | ( ) | ( x ) |
| 11. Are there any constraints on the arbitrator's availability known to the arbitrator that will interfere with his or her ability to commence or complete the arbitration in a timely manner? | ( ) | ( x ) |
| 12. Do you participate in social networking sites such as Facebook, X Corporation f/k/a Twitter, or LinkedIn? | ( x ) | ( ) |

If the arbitrator marked this question, "Yes," it is possible that one of the lawyers or member of a law firm involved in this matter is in some way connected to the Arbitrator through this professional networking application. However, none of these contacts rises to the level of a prior business relationship that might cause a person aware of the facts to reasonably entertain a doubt that the arbitrator would be able to be impartial, unless otherwise noted below.

| | Yes | No |
|---|---|---|
| 13. Is the arbitrator an owner panelist of JAMS? | ( ) | ( x ) |

JAMS has more than 450 neutrals on its panel, and approximately one third of JAMS neutrals have an ownership share in the company. Each owner holds one share and there are no outside shareholders. Owners are not privy to information regarding the number of cases or revenue related to cases assigned to other panelists. No shareholder's distribution exceeds 0.1% of JAMS total revenue in a given year. Shareholders are not informed about the extent to which their profit distributions may be impacted by any particular client, lawyer or law firm and shareholders do not receive credit for the creation or retention of customer relationships. Upon commencement of this arbitration JAMS served on all parties a report listing the numbers of cases JAMS has administered in the last five years involving any party, lawyer, or law firm in the present case

**If the arbitrator has answered "yes" to any of the above questions, except question 13, s/he will explain below and/or see attached rider:**

Question #: Explanation:

Although I participate in social media platforms such as facebook Instagram and LinkedIn I do not believe any party or attorney in this matter is a "friend" on of the platforms.

*This Disclosure Checklist and related material are the copyrighted property of JAMS. They cannot be copied, reprinted or used in whole or in part in any way without written permission of JAMS. © JAMS 2014. All rights reserved.*

Docusign Envelope ID: E74E6AA8-0798-8B68-80CA-C566C0A4F7A6

**Declarations of Arbitrator:**

1. Having been nominated or appointed as an arbitrator, I have made a reasonable effort to inform myself of any matters that could cause a person aware of the facts to reasonably entertain a doubt that as the proposed arbitrator I would be able to be impartial. In addition, I have disclosed all such matters to the parties.

2. I practice in association with JAMS. Each JAMS neutral, including me, has an economic interest in the overall financial success of JAMS. In addition, because of the nature and size of JAMS, the parties should assume that one or more of the other neutrals who practice with JAMS has participated in an arbitration, mediation or other dispute resolution proceeding with the parties, counsel or insurers in this case and may do so in the future.

3. My responses to the questions above are true and correct to the best of my knowledge.

4. Please note JAMS neutrals regularly engage in speaking engagements, CLEs, discussion groups and other professional activities, and it is possible that a party, company, lawyer or law firm connected with this proceeding either attended, participated or was on a panel with the Arbitrator. Please visit https://www.jamsadr.com/neutrality for more information regarding JAMS neutrality.

Date: 10/16/2026 | 2:58 PM PDT Signature of Arbitrator: Signed by: Gloria Sturman B2C8336811CA478...

*This Disclosure Checklist and related material are the copyrighted property of JAMS. They cannot be copied, reprinted or used in whole or in part in any way without written permission of JAMS. © JAMS 2014. All rights reserved.*

**General Disclosures, Report A (MKT016A)**

Jackson, Darion vs. Telus International

This report includes General Disclosure of Client Activity from 10/16/2021 to 10/16/2026. Due to the confidential nature of mediations, only the number of mediations concerning the involved parties are listed. The number of cases listed below does not include the present case. All branches of counsel firms are included.

Panelist: Gloria Sturman Reference #: 5260001319 10/16/2026

## Claimant(s)

**Darion Jackson**

No Address Listed

**Cases heard with Darion Jackson**

No Cases to Report

## Counsel for Claimant

**Darion Jackson**

3692 E Colton Ave

Las Vegas, NV 89115

**Cases heard with Darion Jackson**

No Cases to Report

**Cases heard with**

No Cases to Report

## Respondent(s)

**TELUS International ****

No Address Listed

**Cases heard with TELUS International ****

No Cases to Report

*The neutral practices in association with JAMS. Each JAMS neutral, including the neutral in this case, has an economic interest in the overall financial success of JAMS. In addition, because of the nature and size of JAMS, the parties should assume that one or more of the other neutrals who practice with JAMS has participated in an arbitration, mediation or other dispute resolution proceeding with the parties, counsel or insurers in this case and may do so in the future.*

* *"Matter(s) Assigned to Another Neutral" includes cases where the matter was moved to a different neutral.*

**General Disclosures, Report A (MKT016A)**

Jackson, Darion vs. Telus International

This report includes General Disclosure of Client Activity from 10/16/2021 to 10/16/2026. Due to the confidential nature of mediations, only the number of mediations concerning the involved parties are listed. The number of cases listed below does not include the present case. All branches of counsel firms are included.

Panelist: Gloria Sturman Reference #: 5260001319 10/16/2026

## Counsel for Respondent

**Lucas W Molleck**
**Littler Mendelson ****

5470 Kietzke Lane
Suite 300
Reno, NV 89511

**Cases heard with Lucas W Molleck**

No Cases to Report

**Cases heard with Littler Mendelson ****

No Cases to Report

**Roger L. Grandgenett**
**Littler Mendelson ****

8474 Rozita Lee Ave
Suite 200
Las Vegas, NV 89113

**Cases heard with Roger L. Grandgenett**

No Cases to Report

*The neutral practices in association with JAMS. Each JAMS neutral, including the neutral in this case, has an economic interest in the overall financial success of JAMS. In addition, because of the nature and size of JAMS, the parties should assume that one or more of the other neutrals who practice with JAMS has participated in an arbitration, mediation or other dispute resolution proceeding with the parties, counsel or insurers in this case and may do so in the future.*

* *"Matter(s) Assigned to Another Neutral" includes cases where the matter was moved to a different neutral.*

**General Disclosures, Report A (MKT016A)**

Jackson, Darion vs. Telus International

This report includes General Disclosure of Client Activity from 10/16/2021 to 10/16/2026. Due to the confidential nature of mediations, only the number of mediations concerning the involved parties are listed. The number of cases listed below does not include the present case. All branches of counsel firms are included.

Panelist: Gloria Sturman Reference #: 5260001319 10/16/2026

## Other Disclosures

N/A

## Firm Names

### Littler Mendelson **

Disclosures for Littler Mendelson include the following entities in addition to Littler Mendelson.

Hicks & Walt/Littler Mendelson
Littler Mendelson P.C.
Littler Mendelson, P.C.
Littler Mendelson, P.C. Long Term Disability Plan
Littler Mendelson, PC

### TELUS International **

Disclosures for TELUS International include the following entities in addition to TELUS International.

TELUS
TELUS Communications
TELUS Communications (U.S.), Inc.
TELUS International (U.S.) Corp.
TELUS International (U.S.) Corp. dba TELUS Digital
TELUS International AI Acquisition, Inc.
TELUS International AI Inc.
TELUS International Digital Solutions, LLC
TELUS Legal Services

*The neutral practices in association with JAMS. Each JAMS neutral, including the neutral in this case, has an economic interest in the overall financial success of JAMS. In addition, because of the nature and size of JAMS, the parties should assume that one or more of the other neutrals who practice with JAMS has participated in an arbitration, mediation or other dispute resolution proceeding with the parties, counsel or insurers in this case and may do so in the future.*

* *"Matter(s) Assigned to Another Neutral" includes cases where the matter was moved to a different neutral.*

JAMS®

# JAMS ARBITRATION ADMINISTRATIVE POLICIES

## I. Fees for the Arbitration

The Parties and their attorneys agree to pay JAMS for the arbitration as set forth in the Fee and Cancelation Policy attached to and incorporated in this Agreement. JAMS agreement to render services is jointly with the Party and attorney or other representative of the Party in Arbitration.

Unless otherwise agreed by JAMS, the Parties agree that they are liable for and agree to pay their portion of JAMS' fees and expenses and for all time spent by the arbitrator, including any time spent in rendering services before or after the arbitration hearing. Parties are billed a preliminary retainer to cover the expense of all pre-hearing work, including conference calls. Payment of the preliminary retainer is due upon receipt and required prior to scheduling a Preliminary Arbitration Management Conference with the Arbitrator. The Parties agree to pay all invoices received prior to the hearing in advance of the arbitration hearing. If such fees have not been paid prior to the arbitration hearing, the Party or Parties who have not paid remain liable for such fees. The Parties further agree to payment of an Abeyance Fee to be charged 12 months from the date of last billing, and every six months thereafter. The Parties agree that JAMS may cancel an arbitration hearing and will not deliver the arbitrator's decision to any Party without full payment of all invoices. Payments received from a single source will be issued back to that payer but mailed to the JAMS billing contact. Payments received from multiple sources will be issued and mailed to the JAMS billing contact only. Returned refunds will incur a $100 reprocessing fee.

## II. Records

JAMS does not maintain a duplicate file of documents filed in the Arbitration. If the parties wish to have any documents returned to them, they must advise JAMS in writing within 30 days of the conclusion of the Arbitration. If special arrangements are required regarding file maintenance or document retention, they must be agreed to in writing and JAMS reserves the right to impose an additional fee for such special arrangements.

## III. Disqualification of the Arbitrator and JAMS as Witness/Limitation of Liability

The Parties have agreed or hereby agree that they will not call the arbitrator or any employee or agent of JAMS as a witness or as an expert in any proceeding involving the Parties and relating to the dispute which is the subject of the arbitration, nor shall they subpoena any notes or other materials generated by the arbitrator during the arbitration. The Parties further agree to defend the arbitrator and JAMS and its employees and agents from any subpoenas from outside Parties arising out of this Agreement or arbitration.

The Parties agree that neither the arbitrator nor JAMS, including its employees or agents, is a necessary Party in any proceeding involving the participants and relating to the dispute which is the subject of the arbitration. The Parties further agree that the arbitrator and JAMS, including its employees or agents, shall have the same immunity from liability for any act or omission in connection with the arbitration as judges and court employees would have under federal law.

## IV. Party

The term "Party" as used in these Policies includes Parties to the Arbitration and their counsel or representative.

•O•JAMS®

# General Fee Schedule

*Hon. Gloria J. Sturman (Ret.)*
*March 18, 2026*

## PROFESSIONAL FEES

**$650 per hour**

- Other professional time (including additional hearing time, pre- and post-hearing reading and research, conference calls, and drafting orders and awards) will be billed at $650 per hour. This may include travel time.

## ARBITRATION FEES

**Filing Fee**
$2,500 – Two Party Matter
$4,000 – Matters involving three or more parties
$2,500 – Counterclaims
• Entire Filing Fee must be paid in full to commence the proceedings.
• A refund of $1,000 will be issued if the matter is withdrawn within five days of filing. After five days, the Filing Fee is non-refundable.

**Case Management Fee**

- 13% of Professional Fees
- The Case Management Fee includes access to an exclusive nationwide panel of judges, attorneys, and other ADR professionals, dedicated services including all administration through the duration of the case, document handling, and use of JAMS conference facilities including after hours and on-site business support. Weekends and holidays are subject to additional charges.

## CASE MANAGEMENT FEES FOR OTHER MATTERS

**Discovery, Court Appointed Neutral (Reference/Special Master), Appraisal, and Binding Mediation**
Initial Non-Refundable Case Management Fee of $1000 per party
Plus 13% of Professional Fees

**Neutral Analysis Matters**
Contact JAMS for administrative and pricing details.

## CANCELLATION/CONTINUANCE POLICY

| Number of Days | Cancellation/Continuance Period | Fee |
|---|---|---|
| 1 day or less | 14 days or more prior to hearing | 100% REFUNDABLE, except for time incurred |
| 2 to 4 days | 21 days or more prior to hearing | 100% REFUNDABLE, except for time incurred |
| 5 days or more | 45 days or more prior to hearing | 100% REFUNDABLE, except for time incurred |
| Sessions of any length | Inside the cancellation/continuance period | NON-REFUNDABLE |

- Unused hearing time is non-refundable.
- Hearing fees, including all applicable Case Management Fees, are non-refundable if time scheduled (or a portion thereof) is cancelled or continued after the cancellation date unless the Arbitrator's time can be rescheduled with a hearing in another matter. The cancellation policy exists because time reserved and later cancelled generally cannot be replaced. In all cases involving non-refundable time, the cancelling or continuing party is responsible for the fees of all parties.
- A retainer for anticipated preparation and follow-up time will be billed to the parties. Any unused portion will be refunded.
- Refund Policy: Payments received from a single source will be issued back to that payer but mailed to the JAMS billing contact. Payments received from multiple sources will be issued and mailed to the JAMS billing contact only. Returned refunds will incur a $100 reprocessing fee.
- All fees are due and payable in advance of services rendered and by any applicable due date as stated in a hearing confirmation letter. JAMS reserves the right to cancel your hearing if fees are not paid by all parties by the applicable cancellation date and JAMS confirms the cancellation in writing.
- Receipt of payment for all fees is required prior to service of an arbitration order or award.
- For arbitrations arising out of employer-promulgated plans, the only fee that an employee may be required to pay is $400. The employer must bear the remainder of the employee's share of the Filing Fee and all Case Management Fees. Any questions or disagreements about whether a matter arises out of an employer-promulgated plan or an individually negotiated agreement or contract will be determined by JAMS, whose determination shall be final.
- For arbitrations arising out of pre-dispute arbitration clauses between companies and individual consumers, JAMS Policy on Consumer Arbitrations Pursuant to Pre-Dispute Clauses, Minimum Standards of Procedural Fairness applies. In those cases, when a consumer (as defined by those Minimum Standards) initiates arbitration against the company, the only fee required to be paid by the consumer is $250. The company must bear the remainder of the consumer's share of the Filing Fee and all Case Management Fees.
- Parties that have held their case in abeyance for one year will be assessed an initial abeyance fee of $500, to be charged 12 months from the date of last billing, and $500 every six months thereafter. If a party refuses to pay the assessed fee, the other party or parties may opt to pay the entire fee on behalf of all parties, otherwise the matter will be closed.
- JAMS panelists may use a law clerk. If a panelist plans to bill the parties for a clerk's time, the parties will be informed of the engagement of the clerk. The clerk's hourly rate will be billed to the parties subject to the agreed fee split and in accordance with JAMS' policies.

JAMS agreement to render services is with the attorney, the party, and/or other representatives of the party.