JAMS

# APPOINTMENT OF ARBITRATOR

NOTICE TO ALL PARTIES October 15, 2026

Re: Jackson, Darion vs. Telus International
Reference #: 5260001319

Dear Parties:

Hon. Gloria J. Sturman (Ret.) has been appointed Arbitrator in the above-referenced matter. In accordance with the JAMS Employment Arbitration Rules no party may have *ex-parte* communications with the Arbitrator. Any necessary communication with the Arbitrator must be initiated through the case manager.

The Arbitrator . .l bill in accordance with the enclosed Fee Schedule. The arbitration will be administered consistent with the enclosed JAMS Policy on Employment Arbitration, Minimum Standards of Procedural Fairness. According to this Policy, the only fee a consumer employee may be required to pay is $400 of the Filing Fee. All other costs, including the remainder of the Filing Fee, must be borne by the company. JAMS will also administer the case consistent with JAMS Cancelation/Continuance policyPursuant to this policy, if a hearing is canceled or continued after the deadline the fees are non-refundable unless we can fill the reserved but unused time with another matter.

JAMS agreement to render services is not only with the parties, but extends to the attorney or other representative of the parties in arbitration. Under appropriate circumstances, the Arbitrator may award JAMS fees and expenses against any party.

The paying party has been billed a preliminary invoice for retainer of services to cover the expense of all pre-hearing work, such as reading, drafting of orders, and conference calls. An invoice for this retainer is attached. Payment is due upon receipt. Upon receipt of payment, a Preliminary Arbitration Management Conference Call will be scheduled with the Arbitrator.

Your new contact person is Mara E. Satterthwaite, Esq., Case Manager to Hon. Gloria J. Sturman (Ret.).

Mara E. Satterthwaite, Esq.
7160 Rafael Rivera Way Suite #400
Las Vegas, NV 89113
Phone: 702-835-7803
Email: msatterthwaite@jamsadr.com

Contact me at 415-774-2635 or denglish@jamsadr.com if you have questions.

Sincerely,

Darcy English

Darcy English
Senior Arbitration Practice Specialist
denglish@jamsadr.com

FILED
ENTERED
COUNSEL
NOV 05
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

JAMS®

# RETAINER

**Invoice Date**
10/15/2026

**Invoice Number**
8480538

Bill To: **Lucas Molleck Esq.**
**Littler Mendelson**
**5470 Kietzke Lane**
**Suite 300**
**Reno, NV 89511**
**US**

**Reference #: 5260001319 - Rep# 2**
Billing Inquiries: **English, Darcy**
Email: **denglish@jamsadr.com**
Telephone: **415-774-2635**
Employer ID: **68-0542699**

RE: **Jackson, Darion vs. Telus International**
Representing: **TELUS International**

Neutral(s): **JAMS 1-JAMS**
Hearing Type: **ARBITRATION** DE

| Date / Time | Description | Your Share |
|---|---|---|
| 10/15/26 12:00 AM | **JAMS INC**<br>Retainer for services: To be applied to professional time (session time, pre and post session reading, research, preparation, conference calls, travel, etc.), expenses, and case management fees. Please review the Neutral's fee schedule regarding case management fee and cancellation policies. Supplemental retainers will be assessed as needed. Any unused portion of this retainer will be refunded at the conclusion of the case. | $ 6,500.00 |

| | |
|---|---|
| **Total Billed:** | $ 6,500.00 |
| **Total Payment:** | $ 0 |
| **Balance:** | $ 6,500.00 |

Invoice total is based on the fee split agreed upon by all parties. If the case cancels or continues, fees are due per our cancellation and continuance policy. Please make checks payable to JAMS, Inc. Payment is due upon receipt.

**Click here to pay**

Standard mail:
**P.O. Box 845402**
**Los Angeles, CA 90084**

Overnight mail:
**18881 Von Karman Ave. Suite 350**
**Irvine, CA 92612**

JAMS®

# General Fee Schedule

*Hon. Gloria J. Sturman (Ret.)*
*March 18, 2026*

## PROFESSIONAL FEES

**$650 per hour**

- Other professional time (including additional hearing time, pre- and post-hearing reading and research, conference calls, and drafting orders and awards) will be billed at $650 per hour. This may include travel time.

## ARBITRATION FEES

**Filing Fee**

$2,500 – Two Party Matter
$4,000 – Matters involving three or more parties
$2,500 – Counterclaims

- Entire Filing Fee must be paid in full to commence the proceedings.
- A refund of $1,000 will be issued if the matter is withdrawn within five days of filing. After five days, the Filing Fee is non-refundable.

**Case Management Fee**

- 13% of Professional Fees
- The Case Management Fee includes access to an exclusive nationwide panel of judges, attorneys, and other ADR professionals, dedicated services including all administration through the duration of the case, document handling, and use of JAMS conference facilities including after hours and on-site business support. Weekends and holidays are subject to additional charges.

## CASE MANAGEMENT FEES FOR OTHER MATTERS

**Discovery, Court Appointed Neutral (Reference/Special Master), Appraisal, and Binding Mediation**

Initial Non-Refundable Case Management Fee of $1000 per party
Plus 13% of Professional Fees

**Neutral Analysis Matters**

Contact JAMS for administrative and pricing details.

## CANCELLATION/CONTINUANCE POLICY

| Number of Days | Cancellation/Continuance Period | Fee |
|---|---|---|
| 1 day or less | 14 days or more prior to hearing | 100% REFUNDABLE, except for time incurred |
| 2 to 4 days | 21 days or more prior to hearing | 100% REFUNDABLE, except for time incurred |
| 5 days or more | 45 days or more prior to hearing | 100% REFUNDABLE, except for time incurred |
| Sessions of any length | Inside the cancellation/continuance period | NON-REFUNDABLE |

- Unused hearing time is non-refundable.
- Hearing fees, including all applicable Case Management Fees, are non-refundable if time scheduled (or a portion thereof) is cancelled or continued after the cancellation date unless the Arbitrator's time can be rescheduled with a hearing in another matter. The cancellation policy exists because time reserved and later cancelled generally cannot be replaced. In all cases involving non-refundable time, the cancelling or continuing party is responsible for the fees of all parties.
- A retainer for anticipated preparation and follow-up time will be billed to the parties. Any unused portion will be refunded.
- Refund Policy: Payments received from a single source will be issued back to that payer but mailed to the JAMS billing contact. Payments received from multiple sources will be issued and mailed to the JAMS billing contact only. Returned refunds will incur a $100 reprocessing fee.
- All fees are due and payable in advance of services rendered and by any applicable due date as stated in a hearing confirmation letter. JAMS reserves the right to cancel your hearing if fees are not paid by all parties by the applicable cancellation date and JAMS confirms the cancellation in writing.
- Receipt of payment for all fees is required prior to service of an arbitration order or award.
- For arbitrations arising out of employer-promulgated plans, the only fee that an employee may be required to pay is $400. The employer must bear the remainder of the employee's share of the Filing Fee and all Case Management Fees. Any questions or disagreements about whether a matter arises out of an employer-promulgated plan or an individually negotiated agreement or contract will be determined by JAMS, whose determination shall be final.
- For arbitrations arising out of pre-dispute arbitration clauses between companies and individual consumers, JAMS Policy on Consumer Arbitrations Pursuant to Pre-Dispute Clauses, Minimum Standards of Procedural Fairness applies. In those cases, when a consumer (as defined by those Minimum Standards) initiates arbitration against the company, the only fee required to be paid by the consumer is $250. The company must bear the remainder of the consumer's share of the Filing Fee and all Case Management Fees.
- Parties that have held their case in abeyance for one year will be assessed an initial abeyance fee of $500, to be charged 12 months from the date of last billing, and $500 every six months thereafter. If a party refuses to pay the assessed fee, the other party or parties may opt to pay the entire fee on behalf of all parties, otherwise the matter will be closed.
- JAMS panelists may use a law clerk. If a panelist plans to bill the parties for a clerk's time, the parties will be informed of the engagement of the clerk. The clerk's hourly rate will be billed to the parties subject to the agreed fee split and in accordance with JAMS' policies.

JAMS agreement to render services is with the attorney, the party, and/or other representatives of the party.

JAMS

# JAMS ARBITRATION ADMINISTRATIVE POLICIES

## I. Fees for the Arbitration

The Parties and their representatives agree to pay JAMS for the arbitration as set forth in the JAMS Fee Schedule in effect at the time of commencement, including the Cancellation/Continuance Policy contained therein. JAMS agreement to render services is jointly with the Party and attorney or other representative of the Party in Arbitration.

Parties are billed a retainer in advance of services rendered. Payment is due upon receipt of an invoice and in advance of services rendered. JAMS will invoice for additional retainer as needed throughout the life of the arbitration. The Parties further agree to payment of an Abeyance Fee to be charged 12 months from the date of last billing, and every six months thereafter. The Parties agree that JAMS may cancel an arbitration hearing and will not deliver the arbitrator's decision to any Party without full payment of all invoices to all parties. Payments received from a single source will be issued back to that payer but mailed to the JAMS billing contact. Payments received from multiple sources will be issued and mailed to the JAMS billing contact only. Returned refunds will incur a $100 reprocessing fee.

## II. Records

JAMS does not maintain a duplicate file of documents filed in the Arbitration. If the parties wish to have any documents returned to them, they must advise JAMS in writing within 30 days of the conclusion of the Arbitration. If special arrangements are required regarding file maintenance or document retention, they must be agreed to in writing and JAMS reserves the right to impose an additional fee for such special arrangements.

## III. Disqualification of the Arbitrator and JAMS as Witness/Limitation of Liability

The Parties have agreed or hereby agree that they will not call the arbitrator or any employee or agent of JAMS as a witness or as an expert in any proceeding involving the Parties and relating to the dispute which is the subject of the arbitration, nor shall they subpoena any notes or other materials generated by the arbitrator during the arbitration. The Parties further agree to defend the arbitrator and JAMS and its employees and agents from any subpoenas from outside Parties arising out of this Agreement or arbitration.

The Parties agree that neither the arbitrator nor JAMS, including its employees or agents, is a necessary Party in any proceeding involving the participants and relating to the dispute which is the subject of the arbitration. The Parties further agree that the arbitrator and JAMS, including its employees or agents, shall have the same immunity from liability for any act or omission in connection with the arbitration as judges and court employees would have under federal law.

## IV. Party

The term "Party" as used in these Policies includes Parties to the Arbitration and their counsel or representative.

JAMS®

# Document Retention Policy

Please note that **30 CALENDAR DAYS** after termination of any case JAMS will destroy the following documents submitted by parties unless parties specifically notify JAMS that they wish to collect their documents:

- **Briefs**
- **Exhibits**[1]
- **Evidence**
- **Transcripts**

Parties should collect their documents as soon as possible after the termination of a case. Otherwise, they will be destroyed 30 days thereafter. Please note that JAMS does not maintain a duplicate file of documents, which are normally forwarded to the Neutral upon receipt. Any items marked with notes, comments or suggestions by the Neutral will automatically be destroyed upon closing of the file.

"Termination" of a case is defined as any of the following:

- **Resolution of a matter, e.g., either through settlement or issuance of an award**
- **Mutual agreement to close the matter**
- **Withdrawal from ADR Process**
- **Time Period of one year elapses without any resolution and no future dates on calendar**
- **Notice from JAMS that the matter has been terminated**

[1] Exhibits - For temporary judge and referee cases, CRC 2.400(c)(2) – Exhibits will be returned to the clerk of the court, unless stipulated otherwise by the parties and such stipulation approved by the court.

JAMS®

# JAMS Policy on Employment Arbitration Minimum Standards of Procedural Fairness

*Effective July 15, 2009*

- **Download JAMS Employment Arbitration Minimum Standards in PDF Format**

This document presents the principles and policies of JAMS on the use of arbitration for resolving employment-related disputes. These policies include the Minimum Standards of Procedural Fairness, which app.‚ to arbitrations based on pre-dispute agreements that are required as a condition of employment. JAMS will administer mandatory arbitrations in employment cases only if the arbitration provision complies with JAMS Minimum Standards. JAMS continues to urge employers and employees to use, at the earliest point possible, mediation and other ADR processes that encourage consensual resolution of disputes in a fair, affordable and efficient manner. We also recommend that employers consult with counsel when considering, drafting or implementing pre-dispute arbitration clauses that relate to statutory employment claims.

**A. Preference for Mediation and Voluntary Arbitration**

JAMS encourages the use of mediation and of voluntary arbitration that is not a condition of initial or continued employment. JAMS does not take a position on the enforceability of condition-of-employment arbitration clauses, but it monitors developments in courts, legislatures and regulatory agencies concerning the enforceability of the clauses. If courts rule definitively that such clauses are unenforceable, or if laws or regulations proscribe their use, JAMS will comply with the rulings or laws in the applicable cases or jurisdictions. Absent such proscriptions, JAMS accepts arbitration assignments based on condition-of-employment clauses (provided the Minimum Standards are met) but does not encourage the use of such clauses.

**B. Minimum Standards of Procedural Fairness**

If an arbitration is based on a clause or agreement that is required as a condition of employment. JAMS will accept the assignment only if the proceeding complies with the Minimum Standards of Procedural Fairness for Employment Arbitration.

**Standard No. 1: All Remedies Available**

All remedies that would be available under the applicable law in a court proceeding, including attorneys fees and exemplary damages, as well as statutes of limitations, must remain available in the arbitration. Post-arbitration remedies, if any, must remain available to an employee. *Comment:* This standard does not make any change in the remedies available. Its purpose is to ensure that the remedies available in arbitrations and court proceedings are the same. JAMS does not object if an employer chooses to limit its own post-arbitration remedies.

**Standard No. 2: Arbitrator Neutrality**
The arbitrator(s) must be neutral, and an employee must have the right to participate in the selection of the arbitrator(s).
**Standard No. 3: Representation by Counsel**
The agreement or clause must provide that an employee has the right to be represented by counsel. Nothing in the clause or procedures may discourage the use of counsel.
**Standard No. 4: Access to Information/Discovery**
The procedures must provide for an exchange of core information prior to the arbitration.
*Comment:* Generally, this discovery should include at least (a) exchange of relevant documents, (b) identification of witnesses and (c) one deposition for each side, i.e., of the employee and of a supervisor or other decision-maker of the employer. Other discovery should be available at the arbitrator's discretion.
**Standard No. 5: Presentation of Evidence**
At the arbitration hearing, both the employee and the employer must have the right to (a) present proof, through testimony and documentary evidence, and (b) cross-examine witnesses.
**Standard No. 6: Costs and Location Must Not Preclude Access to Arbitration**
An employee's access to arbitration must not be precluded by the employee's inability to pay any costs or by the location of the arbitration. The only fee that an employee may be required to pay is JAMS' initial Case Management Fee. All other costs must be borne by the company, including any additional JAMS Case Management Fee and all professional fees for the arbitrator's services. In California, the arbitration provision may not require an employee who does not prevail to pay the fees and costs incurred by the opposing party.
*Comment:* JAMS does not preclude an employee from contributing to administrative and arbitrator fees and expenses.
**Standard No. 7: Mutuality**
JAMS will not administer arbitrations pursuant to clauses that lack mutuality. Both the employer and the employee must have the same obligation (either to arbitrate or go to court) with respect to the same kinds of claims.
**Standard No. 8: Written Awards**
An arbitration award will consist of a written statement signed by the Arbitrator regarding the disposition of each claim and the relief, if any, awarded as to each claim. The Arbitrator will also provide a concise written statement of the reasons for the Award, stating the essential findings and conclusions on which the award is based.

* * *

If JAMS becomes aware that an arbitration clause or procedure does not comply with the Minimum Standards, it will notify the employer of the Minimum Standards and inform the employer that the arbitration demand will not be accepted unless there is full compliance with those standards. In assessing whether the standards are met and whether to accept the arbitration assignment, JAMS, as the ADR provider, will limit its inquiry to a facial review of the clause or procedure. If a factual inquiry is required, for example, to determine compliance with Minimum Standards, it must be conducted by an arbitrator or court.
**C. Questions about Enforcement and Arbitrability**
If a party contests the enforceability of a pre-dispute arbitration agreement that was required as a condition of employment, and if compliance with the Minimum Standards is in question, JAMS

will, if given notice of the dispute, defer administering the arbitration for a reasonable period of time to allow the contesting party to seek a judicial ruling on the issue. JAMS will comply with that judicial determination. If there is no judicial determination within a reasonable period of time, JAMS will resolve questions of arbitrability under the applicable JAMS Arbitration Rules and Procedures for Employment Disputes.

**D. Other**

Parties to an employment arbitration may choose to follow the Arbitration Rules and Procedures for Employment Disputes that were developed by JAMS. These Rules and Procedures exceed the Minimum Standards by providing further procedural protections, including additional discovery and an optional appeal process, to all parties in an employment arbitration.

JAMS is committed to ensuring that all staff who work on employment-related dispute resolution issues are aware of these principles and policies. Internal controls are used to ensure knowledge and compliance by the staff, and to ensure that the company's marketing activities in the employment area do not give rise to any actual or perceived conflict of interest on the part of JAMS or its neutrals.

***Note: These Minimum Standards do not apply if the agreement to arbitrate was individually negotiated by the employee and employer, or if the employee was represented or advised by counsel during the negotiations.***

(c) Copyright 2009 JAMS. All rights reserved.

**Employment Rules & Procedures**

Complete List of Rules & Procedures
Employment Clauses

**JAMS Employment Practice Group**

Employment Practice Brochure

JAMS®

# Unrepresented Party Informational Notice

Parties that intend to proceed in an alternative dispute process without representation of counsel, should understand the following:

- JAMS is a private organization that is not affiliated with the individuals, companies, or law firms involved with this dispute.
- Neither JAMS nor JAMS Neutrals have a financial interest in the outcome of any matter at JAMS.
- JAMS is an administrator and, as such, provides services such as calendar management, billing management, and arbitration administration and other case management.
- Neither JAMS nor JAMS Neutrals provide legal advice or assistance to the parties in how they should present their case.
- JAMS or JAMS Neutrals do not represent any parties in any matter at JAMS. There is no lawyer/client relationship formed in any respect with JAMS or JAMS Neutrals.
- JAMS and JAMS Neutrals facilitate a neutral process to help resolve the parties' dispute(s).
- If you require legal advice, please contact your local Bar Association for a recommendation.

Any questions pertaining to this information should be addressed to the selected Neutral, your Case Manager or other JAMS representative. You can reach a JAMS representative by dialing 800-352-5267.